FILED
2007 Sep-26 PM 03:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **ROBERT W. DAILEY, an individual,** | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) Civil Action No.: ) |
| **CAPITAL ONE BANK, a corporation,** | ) ) ) ) |
| **Defendant.** | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for his Complaint against the Defendant he states as follows:

### Jurisdiction & Venue

1. This is an action brought by a consumer for violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq. [hereinafter "FCRA"])[1] regarding inaccurate entries on his credit reports and violations of other applicable federal laws. Therefore, subject matter jurisdiction exists under 28 U.S.C. Section 1331.

---

[1] Any reference to the Fair Credit Reporting Act or any part thereof encompasses all relevant parts and subparts thereto.

2. This action is also brought under Alabama state law. These claims are brought under 28 U.S.C. Section 1332 as there exists complete diversity and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000), exclusive of costs and interests.

3. The state law claims are also properly before this court based upon supplemental jurisdiction under 28 U.S.C. Section 1367 as the state law claims form part of the same case or controversy as the federal claims as they are based upon substantially similar and overlapping facts.

4. The Plaintiff, Robert W. Dailey, is a natural person who resides within the Middle Division of this District.

5. Defendant Capital One Bank ("Defendant") is a foreign company that engages in business in this District.

## FACTUAL ALLEGATIONS

6. Plaintiff filed bankruptcy and was discharged on June 27, 2007, with a case number of 06-2673.

7. Despite the court order, Defendant continued to report on Plaintiff's Equifax and Experian credit reports Plaintiff's account had a balance owed of over $1,500.00 as of August 2007 (Experian) and July 2007 (Equifax) which is incorrect and false.

8. Plaintiff disputed this account with Equifax and Experian as he did not owe any money nor did he have any personal liability or obligation on this account due to the discharge order.

9. Defendant verified and updated the accounts to show a more current balance owed.

10. Equifax and Experian sent proper and timely notice of the dispute to Defendant as required under the FCRA.

11. The Defendant failed to properly investigate the account in question, as Defendant knew that the debt was discharged but yet continued to report a balance owed.

12. Defendant also failed to report the true balance to Equifax and Experian when Defendant knew that the balance was wrong as the debt was discharged in bankruptcy.

13. The effect of these errors on Plaintiff's credit reports has been to substantially affect his credit report, credit worthiness, and credit score.

14. The conduct of the Defendant has proximately caused Plaintiff past and future monetary loss, past and future damage to his credit and credit worthiness, past and future mental distress and emotional anguish and other damages that will be presented to the jury.

15. Defendant has a policy and procedure to refuse to properly update credit reports of consumers, like the Plaintiff, who have discharged the debts. The reason is to keep false information on the credit report. The false information consists of a balance shown as owed (when Defendant knows no balance is owed) and intentionally refusing to show a current status of "included in bankruptcy" or "discharged in bankruptcy".

16. Defendant has the policy to "park" the account on at least one of the consumer's credit report. This is a term in the industry for keeping a balance on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendant's intentional and malicious conduct.

17. In parking the account, Defendant has falsely updated the account despite its obligation under federal and state law to accurately report the balance and Defendant has willfully and maliciously refused to do so.

18. Defendant agreed in the subscriber agreements or contracts with the Consumer Reporting Agencies ("CRAs") including Equifax, to update accounts that have been discharged in bankruptcy. Defendant has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the others set forth under the FCRA and state law,

which has resulted in the intended consequence of this information remaining on Plaintiff's credit reports.

19. Defendant knows that parking a balance will lead to false and defamatory information being published every time the Plaintiff's credit report is accessed and this was the malicious and intentional design behind the Defendant's actions with the goal to force the Plaintiff to pay on an account he does not owe.

20. When a consumer such as Plaintiff pays the "parked" account, Defendant claims that such payment was purely "voluntarily" or was to pay off a "moral obligation". Defendant knows and intends that by willfully and maliciously parking the account on the credit report, payment can be extorted from the consumer.

21. Despite receiving disputes that Defendant reporting on accounts included in bankruptcy was false, Defendant intentionally and knowingly has not corrected its policy of keeping false and damaging information on at least one of the Plaintiff's credit reports.

22. It is a practice of Defendant to maliciously, willfully, recklessly, wantonly, and/or negligently violate, ignore, and refuse to follow the requirements of the FCRA and state law.

23. All actions taken by employees, agents, servants, or representatives of any type for Defendant were taken in the line and scope of such individual's (or entities') employment, agency or representation.

24. All actions taken by Defendant were done with malice, were done willfully or recklessly, and were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the law.

25. Defendant has engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and as such Defendant is subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by Defendant and similar companies.

## FIRST CLAIM FOR RELIEF
### Violating the Fair Credit Reporting Act

26. All paragraphs of this Complaint are expressly adopted and incorporated as if fully set forth herein.

27. Plaintiff is a "consumer," as codified at 15 U.S.C. § 1681a(c).

28. Defendant is an entity who, regularly and in the course of business, furnishes information to one or more CRAs (including Equifax and Experian) about Defendant's transactions or experiences with any consumer including

Plaintiff and therefore Defendant constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

29. Plaintiff notified Equifax and Experian directly of a dispute on the completeness and/or accuracy of the accounts of Defendant.

30. Equifax and Experian notified Defendant in a timely manner of each dispute in full compliance with the FCRA.

31. No entity, including any of the Defendant, ever notified Plaintiff that his disputes were frivolous or irrelevant, or that he had failed to provide sufficient information to investigate the disputed information.

32. Plaintiff alleges that Defendant failed in all respects to conduct a proper and lawful reinvestigation from start to finish as required under federal law.

33. For example, Defendant knew that the account was included in bankruptcy, yet Defendant failed to adequately investigate the disputes or the Defendant simply refused to make the corrections that their investigation revealed was required.

34. Defendant failed to report the account as having a "0" balance as required by 16 CFR § 607 (6), which states, "a consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt."

35. All actions taken by Defendant were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA.

36. All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

## SECOND CLAIM FOR RELIEF
### State Law Claims

37. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

38. Defendant published false information about Plaintiff by reporting the Defendant's account with a false balance and refusing to show it as included in bankruptcy. Each time the credit reports of Plaintiff were and will be accessed, a new publication occurrs which was intended by Defendant.

39. Plaintiff alleges that the publications were done maliciously, without privilege, and with a willful or reckless intent to injure Plaintiff.

40. Defendant assumed a duty, through the subscriber agreement and other actions, to accurately report the balances even after individuals, like the Plaintiff, received a discharge.

41. Defendant violated all of the duties the Defendant had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

42. It was foreseeable, and Defendant did in fact foresee it, that refusing to properly update and investigate would cause the exact type of harm suffered by the Plaintiff.

43. Defendant acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint. This includes the initial reporting of Defendant's account; the handling of the investigations on the account; and all other aspects as set forth in this Complaint.

44. Defendant invaded the privacy of Plaintiff as set forth in Alabama law, including publishing false information about Plaintiff's personal financial obligation.

45. Such negligence, malice, wantonness, recklessness, willful or intentional conduct proximately caused the damages set forth in this complaint and such conduct occurred before, during and after the disputes to the CRAs.

## **RELIEF SOUGHT**

46. An award of statutory, actual, compensatory and punitive damages, and costs of the action including expenses, together with reasonable attorney's fees.

47. Plaintiff also requests all further relief to which he is entitled, whether of a legal or equitable nature.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts ASB-5819-T82J**
**Attorney for Plaintiff**

**OF COUNSEL:**
Watts Law Group, P.C.
15 Office Park Circle, Suite 206
P.O. Box 531168
Birmingham, AL  35253
(205) 879-2447
(205) 879-2882 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring ASB-1074-N72M**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
201 Avon Place
700 29th Street South
Birmingham, AL  35233
(205) 714-4443
(205) 714-7177  *facsimile*
msh@mstanherringlaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**


                                /s/ John G. Watts
                                **Attorney for Plaintiff**

**Serve defendant via certified mail at the following addresses.:**

Capital One Bank
6356 Corley Road
Norcross, Georgia 30091